## W. RUSSELL *vs.* CONVERS & PEABODY, and M. SPAULDING, their trustee.

C being indebted to S in divers sums of money, entered into partnership with P in the business of shoemaking, &c., which was known to S; afterwards C requested S to take his pay in his work, which S agreed to, and was accordingly supplied with work at the shop of C and P, to the amount of his demand against C.   *Adjudged,* that S was not the trustee of C and P for the work thus done.

IN this case the trustee in his disclosure stated that before the 1st June, 1832, Convers was indebted to him on account

$4, and in a note for $4,75, dated 26th March, 1831, and payable on demand with interest; that he called upon him for payment; that Convers requested him to take the amount in Convers' work as a shoemaker, to which he agreed, and under that agreement work was done for the trustee to the amount of $10,76, in the months of June, July and August, 1832. At the time of the said agreement, and when the said work was done, Convers and Peabody were partners.

GREEN, J. The question whether the principals could maintain an action against the trustee in this case, upon showing that the contract between the trustee and Convers was a fraud upon Peabody, need not be settled. *9 B. & C.* 532, *Jones* vs. *Yates;* 16 *Johns.* 34, *Dob* vs. *Halsey.*

Nor is this a case where the plaintiff endeavors to maintain his action upon a note given in the name of a firm by one partner for his own debt, and where the plaintiff, in order to maintain his action, must show the authority of the partner to bind the firm. Want of authority, and not fraud, is the ground of defence in such a case.

The only ground on which the trustee can be charged in this case, is that the contract between Convers and the trustee was a fraud upon Peabody, and therefore void. But fraud is never to be presumed. It must be proved. And there is nothing stated in this case that is calculated to raise the slightest suspicion of fraud. Convers applied to the trustee to take his pay in work. It does not appear that Peabody has ever made any objection to the arrangement. It is highly probable that there was an understanding between the partners that their several bills should be paid in work, because such an arrangement might have been very useful and advantageous to both.